IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

KEVIS HARPER, a/k/a
Fredrick Milan,

  Plaintiff,

              Case No. 1:26-cv-01104-JDB-tmp

v.

WARDEN ROBERT ADAMS, *et al.*,

  Defendants.

---

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE,
AND
GRANTING LEAVE TO AMEND

---

On May 15, 2026, the Plaintiff, Kevis Harper a/k/a Fredrick Milan, Tennessee Department of Correction ("TDOC") prisoner number 168040 and an inmate at the Whiteville Correctional Facility ("WCFA") in Whiteville, Tennessee, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  (Docket Entry ("D.E.") 1.)  For the reasons that follow, the complaint is DISMISSED WITHOUT PREJUDICE, leave to amend is GRANTED, and the Clerk is DIRECTED to modify the docket to add CoreCivic as a Defendant.

Plaintiff makes the following allegations.  On May 19, 2025, FNU Allen, a correctional officer at the WCFA, "opened [Harper's] secured cell door" and allowed six inmates to assault and rob him.  (*Id*. at PageID 4.)  He was "robbed of thousands of dollars of personal property" and "beaten so severely [that he] had a heart attack."  (*Id*.)  Officer Allen then helped the inmates escape with his property while he "lay dying."  (*Id*.)  On July 25, 2025, he was attacked a second time by inmates "armed with homemade knives."  (*Id*. at PageID 5.)  He was stabbed five times in

his neck, shoulder, and both arms. (*Id.*) The attack left him with "permanent disfigurement and never[-]ending pain." (*Id.*) His wounds "were left unattended" by Nurse Tasma Robertson for twelve days, which "led to a life[-] threatening infection." (*Id.*)

The inmate names as Defendants WCFA Warden Robert Adams, Allen, Unit Manager Tonya Hunt, and Robertson (collectively, the "Individual Defendants"). He seeks $2,000,000 in nominal damages, $2,000,000 in compensatory damages, and $10,000,000 in punitive damages "from each Defendant jointly and severally." (*Id.* at PageID 6.) Additionally, he pursues reconstructive surgery, rehabilitative therapy, and an order from the Court "directing [D]efendants to replace all property they helped steal." (*Id.*)

The Court liberally construes the complaint to allege claims of failure to protect and deliberate indifference to serious medical needs.

## I.    SCREENING THE COMPLAINT.

### A. Legal Standard.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

---

[1]Plaintiff's pro se complaint is subject to screening even though he has paid the full filing fee. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee.").

In assessing whether the complaint states a claim on which relief may be granted, the district court is to apply the standards under Federal Rule of Civil Procedure 12(b)(6) as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying these standards, the court is to accept the complaint's "well-pleaded" factual allegations as true and then determine whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, they are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'").

B. <u>Requirements to State a Claim Under § 1983.</u>

To state a claim, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

II.    <u>ANALYSIS.</u>

Harper does not allege whether he sues the Individual Defendants in their official or individual capacities. It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her individual capacity, but the failure to do so is not fatal if the "course of proceedings" test indicates that the defendant received sufficient notice that the intent was to hold him personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). This test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id*. at 772 n.1.

Here, the complaint identifies the Individual Defendants by their official titles, contains no language alleging individual-capacity claims, and seeks monetary damages against them "jointly and severally." Therefore, the Court construes the averments against the Individual Defendants as official-capacity claims. *See id.* at 772.

The Court further construes these official-capacity allegations to be claims against the Individual Defendants' employer—the WCFA. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("individuals sued in their official capacities stand in the shoes of the entity they represent"). The WCFA is managed by CoreCivic, a private company. *See* https://www.tn.gov/correction/

state-prisons/state-prison-list/whiteville-correctional-facility.html (TDOC website, stating that the WCFA "is managed by CoreCivic, a private corrections management firm") (last accessed June 23, 2026). "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *See id*. at 748-49. CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978)). Rather, to prevail on a § 1983 claim against CoreCivic, Harper "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id*. However, he has failed to make such an allegation. Accordingly, his § 1983 claims against CoreCivic, as well as his official-capacity claims against the Individual Defendants, are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

III.    AMENDMENT UNDER THE PRISON LITIGATION REFORM ACT.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the Prison Litigation Reform Act. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court GRANTS leave to amend the claims dismissed without prejudice within twenty-one days of the date of this order and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An

5

amended complaint supersedes the original pleading and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the pleading. All claims alleged in an amended complaint must arise from the facts alleged in the original pleading. Each claim for relief must be stated in a separate count and must identify each defendant sued on that count. If Harper fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pleaded amended claims with prejudice.

If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the remaining claims with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IV.    CONCLUSION.

For the reasons articulated herein:

A.    The Clerk is DIRECTED to add CoreCivic as a Defendant.

B.    Harper's § 1983 claims against CoreCivic and the Individual Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915A(b)(1).

C.    Leave to amend is GRANTED. Plaintiff may amend his complaint within twenty-one days of the date of this order under the guidelines set out *supra*.

D.    Harper is ORDERED to notify the Court immediately, in writing, of his current address if he is transferred to another facility or released. If he fails to provide the

Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 25th day of June 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE